UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

In re: §
　　　　　　　　　　　　　　　　§
SAN FRANCISCO GRAVEL CO INC §　　　Case No. 16-31057 SDM
　　　　　　　　　　　　　　　　§
　　　　　　　　Debtor　　　　　§

TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 09/29/2016 . The undersigned trustee was appointed on 09/29/2016 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
|---|---|---|
| 4. The trustee realized gross receipts of | $ | 100,000.00 |
| Funds were disbursed in the following amounts: | | |
| Payments made under an interim disbursement | | 0.00 |
| Administrative expenses | | 35.53 |
| Bank service fees | | 110.27 |
| Other payments to creditors | | 0.00 |
| Non-estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the debtor | | 0.00 |
| Other payments to the debtor | | 0.00 |
| Leaving a balance on hand of[1] | $ | 99,854.20 |

The remaining funds are available for distribution.

---
[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 05/15/2017 and the deadline for filing governmental claims was 09/26/2016 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 8,250.00 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 8,250.00 , for a total compensation of $ 8,250.00 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 23.21 , for total expenses of $ 23.21 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 01/31/2018                By:/s/E. LYNN SCHOENMANN
                                                Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

# FORM 1
## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
## ASSET CASES

| Case No: | 16-31057 SDM Judge: DENNIS MONTALI | Trustee Name: | E. LYNN SCHOENMANN |
|---|---|---|---|
| Case Name: | SAN FRANCISCO GRAVEL CO INC | Date Filed (f) or Converted (c): | 09/29/16 (f) |
| | | 341(a) Meeting Date: | 11/08/16 |
| For Period Ending: 01/31/18 | | Claims Bar Date: | 05/15/17 |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets | Lien Amount | Exempt Amount |
| 1. SETTLEMENT BETWEEN DEBTOR'S OFFICERS, (u) DIRECTORS, SHAREHOLDERS & AFFLILIATES [no assets listed in schedules] | 0.00 | 100,000.00 | | 100,000.00 | FA | 0.00 | 0.00 |
| TOTALS (Excluding Unknown Values) | $0.00 | $100,000.00 | | $100,000.00 | Gross Value of Remaining Assets $0.00 | $0.00 | $0.00 |

(Total Dollar Amount in Column 6)

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

09/20/17: Settlement reached with Debtor's officers, directors, shareholders and affiliates, who trustee alleges caused
the debtor to make inappropriate distributions of the Debtor's assets. Settling parties to pay to the estate the
amount of $100,000 subject to 9019 motion and court approval.
10/31/17: Receipt of 100K settlement funds; TFR to be submitted
01/31/18: TFR; await Final Hearing date/time

Initial Projected Date of Final Report (TFR): 12/31/17    Current Projected Date of Final Report (TFR): 12/31/17

# FORM 2
## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

| | |
|---|---|
| Case No: | 16-31057 -SDM |
| Case Name: | SAN FRANCISCO GRAVEL CO INC |
| Taxpayer ID No: | *******3627 |
| For Period Ending: | 01/31/18 |

| | |
|---|---|
| Trustee Name: | E. LYNN SCHOENMANN |
| Bank Name: | UNION BANK |
| Account Number / CD #: | *******8476 Checking Account (Non-Interest Earn |
| Blanket Bond (per case limit): | $ 999,999,999.99 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 4a | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 11/07/17 | 1 | MICHAEL J NICOLAI | SETTLEMENT PAYMENT | 1249-000 | 100,000.00 | | 100,000.00 |
| 12/26/17 | | UNION BANK | BANK SERVICE FEE | 2600-000 | | 110.27 | 99,889.73 |
| 01/10/18 | 040001 | INTERNATIONAL SUREITIES, LTD 701 Poydras Street New Orleans, LA 70139 | Bond# 016048574 | 2300-000 | | 35.53 | 99,854.20 |

|  |  | | |
|---|---|---|---|
| COLUMN TOTALS | | 100,000.00 | 145.80 | 99,854.20 |
| Less: Bank Transfers/CD's | | 0.00 | 0.00 | |
| Subtotal | | 100,000.00 | 145.80 | |
| Less: Payments to Debtors | | | 0.00 | |
| Net | | 100,000.00 | 145.80 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| Checking Account (Non-Interest Earn - ********8476 | 100,000.00 | 145.80 | 99,854.20 |
| | 100,000.00 | 145.80 | 99,854.20 |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals  100,000.00  145.80

EXHIBIT C
ANALYSIS OF CLAIMS REGISTER

Date: January 31, 2018

Case Number: 16-31057
Debtor Name: SAN FRANCISCO GRAVEL CO INC

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 001 3210-00 | FOX ROTHSCHILD LLP<br>MICHAEL A SWEET<br>345 CALIFORNIA ST STE 2200<br>SAN FRANCISCO CA 94104 | Administrative | | $0.00 | $24,580.70 | $24,580.70 |
| 001 3220-00 | FOX ROTHSCHILD LLP<br>MICHAEL A SWEET<br>345 CALIFORNIA ST STE 2200<br>SAN FRANCISCO CA 94104 | Administrative | | $0.00 | $72.00 | $72.00 |
| 001 3410-00 | BACHECKI CROM & CO LLP<br>CERTIFIED PUBLIC<br>ACCOUNTANTS<br>400 OYSTER POINT BLVD STE 106<br>SOUTH SAN FRANCISCO CA 94080 | Administrative | | $0.00 | $37,147.50 | $37,147.50 |
| 001 3420-00 | BACHECKI CROM & CO LLP<br>CERTIFIED PUBLIC<br>ACCOUNTANTS<br>400 OYSTER POINT BLVD STE 106<br>SOUTH SAN FRANCISCO CA 94080 | Administrative | | $0.00 | $59.67 | $59.67 |
| 000003 004 2810-00 | FRANCHISE TAX BOARD: WITHDRAWN<br>BANKRUPTCY SECTION MS A340<br>POB 2952<br>SACRAMENTO CA 95812-2952 | Administrative | | $0.00 | $0.00 | $0.00 |
| FEES 004 2690-00 | BANK SERVICE FEES | Administrative | | $0.00 | $110.27 | $110.27 |
| 000001 070 7100-00 | SPANOS/PRZETAK: WITHDRAWN<br>A PROFESSIONAL LAW CORP<br>475 14TH ST STE 550<br>OAKLAND CA 94612 | Unsecured | | $0.00 | $0.00 | $0.00 |
| 000002 070 7100-00 | STATE COMPENSATION INSURANCE FUND<br>2ND FL BLDG B<br>5880 OWENS DR<br>PLEASANTON CA 94588 | Unsecured | | $0.00 | $262.43 | $262.43 |
| 000004 070 7100-00 | MICHAEL NICOLAI<br>25 DIVISION ST STE 103<br>SAN FRANCISCO CA 94103 | Unsecured | | $0.00 | $100,000.00 | $100,000.00 |
| | Case Totals: | | | $0.00 | $162,232.57 | $162,232.57 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 16-31057 SDM
Case Name: SAN FRANCISCO GRAVEL CO INC
Trustee Name: E. LYNN SCHOENMANN

| | | |
|---|---|---|
| Balance on hand | $ | 99,854.20 |

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: E. LYNN SCHOENMANN | $ 8,250.00 | $ 0.00 | $ 8,250.00 |
| Trustee Expenses: E. LYNN SCHOENMANN | $ 23.21 | $ 0.00 | $ 23.21 |
| Attorney for Trustee Fees: FOX ROTHSCHILD LLP | $ 24,580.70 | $ 0.00 | $ 24,580.70 |
| Attorney for Trustee Expenses: FOX ROTHSCHILD LLP | $ 72.00 | $ 0.00 | $ 72.00 |
| Accountant for Trustee Fees: BACHECKI CROM & CO LLP | $ 37,147.50 | $ 0.00 | $ 37,147.50 |
| Accountant for Trustee Expenses: BACHECKI CROM & CO LLP | $ 59.67 | $ 0.00 | $ 59.67 |
| Other: BANK SERVICE FEES | $ 110.27 | $ 110.27 | $ 0.00 |
| Other: FRANCHISE TAX BOARD: WITHDRAWN | $ 0.00 | $ 0.00 | $ 0.00 |

| | |
|---|---|
| Total to be paid for chapter 7 administrative expenses | $ 70,133.08 |
| Remaining Balance | $ 29,721.12 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 100,262.43 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 29.6 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | SPANOS/PRZETAK: WITHDRAWN | $ 0.00 | $ 0.00 | $ 0.00 |
| 000002 | STATE COMPENSATION INSURANCE FUND | $ 262.43 | $ 0.00 | $ 77.79 |
| 000004 | MICHAEL NICOLAI | $ 100,000.00 | $ 0.00 | $ 29,643.33 |
| | Total to be paid to timely general unsecured creditors | | $ | 29,721.12 |
| | Remaining Balance | | $ | 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE